NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIM HASKIN, | No. 15-56713 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02901-SVW-JEM |
| v. | |
| US AIRWAYS, a corporate business entity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Tim Haskin appeals pro se from the district court's dismissal order and

summary judgment in his employment action alleging violations of Title VII and

the Railway Labor Act. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo. *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc)

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(dismissal under Fed. R. Civ. P. 12(b)(6)); *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 628 (9th Cir. 1990) (summary judgment). We affirm.

The district court properly granted summary judgment on Haskin's breach of the duty of fair representation claim because Haskin failed to file his action within six-months after the union's time for asserting the grievances had expired. *See Lea*, 903 F.2d at 633 (six-month statute of limitations applies to "hybrid claims" under the Railway Labor Act); *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509-11 (9th Cir. 1986) ("[I]n a duty of fair representation case, the six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union.").

The district court properly dismissed for lack of jurisdiction Haskin's breach of contract claim against US Airways because the district court's jurisdiction "over the contractual claim against [US Airways] was contingent upon a showing by [Haskin] that he had a triable claim against the union." *Peters v. Burlington N. R.R.*, 931 F.2d 534, 537 (9th Cir. 1990).

The district court did not abuse its discretion in dismissing Haskin's Title VII claims without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where . . . amendment would be futile"); *see also Chodos v.*

15-56713

*West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

Contrary to Haskin's contention, because the district court dismissed Haskin's breach of contract claim against AMR Corp. and American Airlines, Inc. without prejudice in its order dismissing Haskin's Second Amended Complaint, Haskin waived any challenge to that claim by failing to re-plead it in his Third Amended Complaint. *See Lacey*, 693 F.3d at 928 ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

We reject as meritless Haskin's contention that the district court was required to order mediation before ruling on defendants' motions for summary judgment.

**AFFIRMED.**